Affirmed and Memorandum Opinion filed July 27, 2006








Affirmed and Memorandum
Opinion filed July 27, 2006.

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00751-CR

____________

 

INES CARILLO GARCIA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th District
Court

Harris County, Texas

Trial Court Cause No.
1005380

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant  Ines Carillo Garcia of aggravated
robbery with a deadly weapon and the trial court sentenced him to confinement
for twenty-five years in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant raises six issues on appeal. We affirm.

                                    I. 
Factual and Procedural History








Appellant and an unknown man purchased duct tape from a
dollar store in a strip center.  Afterwards, appellant and three unknown men
entered a music/video store located next to the dollar store.  Appellant was
holding the duct tape.  One of the men approached Micailina Vivar, who was
working in the store, and asked the price of a compact disc.  The same man
pulled out a gun, pointed it at Vivar, and demanded money.  Vivar told the man
she did not have any money and he chambered a round in the gun.  Vivar was
taken to a back room and taped with duct tape to a dolly by appellant and the
other men.

Vivar was left alone in the room and could hear the men
searching the store.  When she could no longer hear them, she left the room,
still attached to the dolly.  Vivar saw a green truck speed off when she
approached the front of the store.  Approximately $1,000 and a number of
compact discs were missing from the store.  

Based upon a fingerprint on a compact disc in the store,
appellant=s photograph was placed in a photographic array. 
Vivar identified appellant as one of the four men, specifically as the man with
the duct tape.  Marco Burciaga, who had been shopping at the dollar store, 
identified appellant as one of the men he saw buying duct tape in the dollar
store.  Burciaga also erroneously selected another photo from the array as
depicting another participant.

Appellant moved to suppress evidence of the in-court and
out-of-court identifications by Vivar and Burciaga.  The trial court conducted
a pre-trial hearing and overruled the motion to suppress.  On appeal, appellant
claims in issues one through four that the trial court erred in overruling the
motion and in admitting in-court identifications by the same witnesses.  In issues
five and six, appellant argues the evidence is legally and factually
insufficient to support the verdict.

                                                      II. 
Analysis

A.      Identification








Appellant=s first and third issues challenge the
trial court=s denial of his motion to suppress the out-of-court
identification of appellant by Vivar and Burciaga.  Appellant argues on appeal
that the identifications were tainted by an unduly suggestive pre-trial
identification procedure because the photograph of him in the array was
sufficiently distinctive and different from the other photographs.  We review a
trial court=s ruling on a motion to suppress evidence by giving
almost total deference to the trial court=s determination of
historical facts and reviewing de novo the trial court=s application of
the law to those facts.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000). 

Appellant=s argument on appeal does not comport with
the argument made to the trial court.  At the hearing on the motion to
suppress,  no claim was made that the content of the array itself was
suggestive. Appellant=s only objection in the trial court was
that the witnesses gave contradictory statements.  Because appellant never
objected that the content of the array itself was suggestive, appellant failed to preserve this
argument for appeal.  See Tex. R.
App. P. 33.1(a); Resendiz v. State, 112 S.W.3d 541, 547 (Tex.
Crim. App. 2003) (en banc).   

Furthermore,
even if appellant had preserved this argument, we find it is without merit.
Suggestiveness may be created by the content of the photo array itself if the
suspect is the only individual closely resembling the pre‑procedure
description.  See Barley v. State, 906 S.W.2d 27, 32B33 (Tex. Crim. App. 1995) (en banc). 
Appellant does not identify the distinction or difference of which he
complains.  All six photos in the array depict a male with dark hair, of a
similar style and length, with a mustache, and of similar complexion.  We
conclude appellant=s photo is not sufficiently distinctive or
different from the other photographs so as to be impermissibly suggestive.  Id.









In issues two and four, appellant contends the trial court
erred in admitting in-court identifications by the same witnesses, arguing that
the witnesses merely repeated their previous tainted identifications.  To
establish the inadmissibility of an in-court identification, a defendant must
prove two elements: (1) the pretrial identification procedure was impermissibly
suggestive; and (2) the suggestive procedure gave rise to a very substantial
likelihood of irreparable misidentification.  Abney v. State, 1 S.W.3d
271, 275 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Having found
that the challenged pretrial identification procedure was not impermissibly
suggestive, we need not determine whether the procedure gave rise to a very
substantial likelihood of misidentification.  Id.  Moreover, appellant
failed to object to the in-court identifications, thereby waiving this
argument.  See Tex. R. App. P. 33.1(a);
In re G.A.T., 16 S.W.3d 818, 827 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (ATexas courts stringently apply the
contemporaneous objection rule in the context of suggestive identification
procedures.@). 

We overrule issues one through four. 

B.        Sufficiency of the Evidence

In
issues five and six, appellant claims the evidence is legally and factually
insufficient to support the verdict.  

When
reviewing the legal sufficiency of the evidence, we examine the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.
Ed.2d 560 (1979); Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim.
App. 2004).  Although we consider all of the evidence presented at trial, we
may not re-weigh the evidence or substitute our judgment for that of the
fact-finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)
(en banc).  A person commits aggravated robbery with a deadly weapon if he
commits aggravated robbery and uses or exhibits a deadly weapon. Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon 2003).  A
person commits robbery if, in the course of committing theft and with intent to
obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.  Id.
' 29.02(a)(2).








In
conducting a factual sufficiency review, we will set aside the verdict only if
(1) the evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt, or (2) contrary
evidence, if present, is strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004). 

Appellant argues the evidence is both legally and factually
insufficient because the State=s witnesses, Vivar and Burciaga, were not
credible.  In support of this contention, Appellant relies upon the Atainted@ in-court
identifications and Burciaga=s mistaken identification.  Appellant
further claims the testimony was not corroborated, although he admits a
matching fingerprint was found on a piece of merchandise in the store.

The record reflects Vivar identified appellant as one of
the participants, specifically the man holding the duct tape.  Burciaga also
identified appellant as the man he saw buying duct tape in the store next to
Vivar=s store right
before the robbery.  Finally, appellant=s fingerprint was
found on merchandise inside the store.  

The jury is the exclusive judge of the facts proved and of
the weight given to the testimony.  See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon Supp. 2004). 
Viewing all of the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found the elements of the
offense beyond a reasonable doubt.  See Ovalle v. State, 13 S.W.3d 774,
777 (Tex. Crim. App. 2000).  Furthermore, a neutral review of all the evidence,
both for and against the trial court=s finding, does
not demonstrate that the proof of guilt is so obviously weak as to undermine
confidence in the trial court=s determination, nor does it demonstrate
that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.  See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000) (en banc).  Accordingly, we hold the evidence is both
legally and factually sufficient to support appellant=s conviction. 
Therefore, we overrule appellant=s issues five and
six.








                                                                III. 
Conclusion 

Having
overruled appellant=s issues, we affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion filed July
27, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Guzman.  

Do Not Publish C Tex. R. App. P.
47.2(b).